NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: GILES DUANE SPELLMAN, | No.    15-56508 |
| Debtor, | D.C. No. 2:15-cv-00507-PA |
| ——————————————— | |
| GILES DUANE SPELLMAN, | MEMORANDUM* |
| Appellant, | |
| v. | |
| BRADLEY R. KIRK AND ASSOCIATES, INC., | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

| | |
|---|---|
| In re: GILES DUANE SPELLMAN, | No.    16-60024 |
| Debtor, | BAP No. 15-1026 |
| ——————————————— | |
| BRADLEY R. KIRK AND ASSOCIATES, INC.; BRADLEY R. KIRK, | |
| Appellants, | |

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

GILES DUANE SPELLMAN,

        Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Kurtz, and Faris, Bankruptcy Judges, Presiding

Submitted, Submission Deferred April 6, 2017[**]
Resubmitted June 8, 2018
Pasadena, California

Before:  McKEOWN and CALLAHAN, Circuit Judges, and QUIST,[***] District Judge.

The law firm, Bradley R. Kirk & Associates, Inc. ("BRKA"), initiated California Superior Court ("Superior Court") proceedings against its former client, Giles Spellman ("Spellman"), seeking recovery of a disputed contingency fee. The Superior Court awarded BRKA $237,008.88.  BRKA then filed a claim in bankruptcy court against the bankruptcy estate for that amount, in addition to post-award interest.  The bankruptcy court, pursuant to 11 U.S.C. § 502(b)(4) and California's rules for preclusion, reduced this award to $43,875.  That court also

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

2

upheld Spellman's Chapter 13 plan, which resulted in the creditors, including

BRKA, receiving 3 cents for every dollar owed.  When BRKA appealed to the

district court the reduction of its claim, the district court held that the Full Faith

and Credit Act ("FFCA"), 28 U.S.C. § 1738, applies to 11 U.S.C. § 502(b)(4), and

that California's issue preclusion and *res judicata* law accords preclusive effect to

the California Superior Court's judgment.  Adjudicating BRKA's appeal, the

Bankruptcy Appellate Panel ("BAP") upheld the feasibility of Spellman's Chapter

13 bankruptcy plan.  We have jurisdiction under 28 U.S.C. § 158(d)(1).[1]

These two appeals require us to consider four issues: (1) whether the FFCA

applies to § 502(b)(4); (2) the preclusive effect to the Superior Court's judgment in

this case; (3) whether the bankruptcy court correctly conducted its reasonableness

analysis under § 502(b)(4); and (4) the BAP's decision upholding the bankruptcy

plan's feasibility.

**1.**      The first issue was answered by our recent opinion in *In re CWS*

*Enterprises*, 870 F.3d 1106 (9th Cir. 2017).  In *In re CWS Enterprises*, we held that

the "[FFCA] applies in bankruptcy courts," and that the bankruptcy court in that

case "was thus required to give full faith and credit to the California Superior

---

[1] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

Court's judgment." *Id*. at 1119. Accordingly, we agree with the district court that the FFCA applies to the allowance of the claims or interest pursuant to § 502(b)(4).

  **2.** We next consider whether California's law on issue preclusion and *res judicata* accords preclusive effect to the Superior Court's judgment. Our opinion in *In re CWS Enterprises* provides that a state court's judgment does not necessarily constrain the bankruptcy court's obligation to determine the reasonableness of the attorneys' fees in issue. *See id.* "The bankruptcy code's reasonableness cap limits a pre-petition obligation for a debtor's attorneys' fees, even if such fees were allowable under state law, and even if such fees had been reduced to a state court judgment." *Id.* Thus, "the question is not whether a state court judgment always has preclusive effect on the 'reasonableness' analysis under section 502(b)(4) . . . , the question is whether the state court judgment had preclusive effect on the reasonableness analysis in the particular circumstances of this case." *Id.*

  In *In re CWS Enterprises*, the debtor contested the reasonableness of the attorneys' fees in the underlying arbitration proceeding and the arbitrator rejected the debtor's arguments and found that the attorneys' fees were reasonable. *Id*. at 1120. Accordingly, we held that the FFCA required confirmation of the judgment of the state court. *Id*. at 1121. But we also recognized that § 502(b)(4)'s

reasonableness cap would have room to operate if the reasonableness of the attorneys' fees had not been decided in the state court proceeding. *Id*.

That is the situation present here. The Superior Court did not determine the reasonableness of the attorneys' fees. It addressed only whether the contingent fee agreement between Kirk and Spellman was enforceable. Under California law, the reasonableness of attorneys' fees has no relevance to such an enforceability inquiry. First, California Business and Professional Code § 6147, which governs contingent-fee agreements, does not require that the bargained-for fee be reasonable to be enforceable. Second, although a fee agreement may be unenforceable if it is unconscionable, unconscionability is different from reasonableness. *See Cotchett, Pitre & McCarthy v. Universal Paragon Corp.*, 187 Cal. App. 4th 1405, 1419 (2010) ("[N]ot all unreasonable risk allocations are unconscionable.") (citations and internal quotation marks omitted); *In re Goldstone*, 214 Cal. 490, 499 (1931) (stating that a fee is unconscionable when it is "so exorbitant and wholly disproportionate to the services performed as to shock the conscience").

Moreover, BRKA, which bears the burden of showing issue preclusion, has not presented any evidence that the state court actually ruled on the reasonableness of the attorneys' fees. As a result, it is impossible to know what "precise question [] was raised and determined in the [state proceedings]," which is reason enough

5

not to apply issue preclusion. *Dunkin v. Boskey*, 82 Cal. App. 4th 171, 182 (2000) (citations and internal quotation marks omitted); *see also Patel v. Crown Diamonds, Inc.*, 247 Cal. App. 4th 29, 40 (2016) ("A primary factor in determining whether to give collateral estoppel effect to a prior final judgment is whether the record in the former proceeding adequately reflects the issues actually litigated and decided in that proceeding.") (citations, internal quotation marks and alteration in original omitted). Thus, Spellman was not precluded from challenging the reasonableness of the attorneys' fees in the bankruptcy proceedings. To the extent the district court held to the contrary, it was wrong.

3.      We next consider whether the bankruptcy court properly reduced BRKA's claim. A bankruptcy court's award of attorneys' fees should not be reversed absent an abuse of discretion or an erroneous application of the law. *In re Bennett*, 298 F.3d 1059, 1063 (9th Cir. 2002); *In re Jastrem*, 253 F.3d 438, 442 (9th Cir. 2001). The amount of, and the propriety of, the fee award are reviewed for abuse of discretion. *In re Lewis*, 113 F.3d 1040, 1043 (9th Cir. 1997); *In re Hunt*, 238 F.3d 1098, 1101 (9th Cir. 2001).

*In re CWS Enterprises* sets forth the following analytical sequence to determine whether an attorneys' fees award constitutes "reasonable value" under § 502(b)(4):

(1) an acknowledgment or determination that the fee contract was breached;

(2) an assessment of the damages for the breach under state law;

(3) a determination under § 502(b)(4) of the reasonableness of the damages claim afforded by state law; and

(4) a reduction of the claim by whatever extent, if any, it is deemed excessive.

870 F.3d at 1115—16 (citations omitted). We hold that the bankruptcy court's determination is not inconsistent with the approach set forth in *In re CWS Enterprises*. The bankruptcy court acknowledged the breach of fees contract, accepted the state court judgment as the assessment of damages, and concluded that the state court proceedings did not actually determine the "reasonableness" of the assessment of damages. Moreover, the bankruptcy court's federal "lodestar" analysis did not generate a result materially different from what *In re CWS Enterprises's* fourth step would have elicited. Consequently, to the extent that the district court reversed the bankruptcy court's order concerning Spellman's objection to BRKA's claim, we reverse the district court's order and remand.

**4.** Finally, we hold that the BAP was correct in affirming the bankruptcy court's reduction, particularly with respect to the feasibility of Spellman's Chapter 13 bankruptcy plan. Because we affirm that the bankruptcy court's § 502(b)(4) determination, we see no error in the BAP's decision upholding the bankruptcy court's confirmation of the Chapter 13 bankruptcy plan.

In No. 15-56508, the judgment of the district court is reversed and the case is remanded with directions to reinstate the bankruptcy court's order on Spellman's objection to BRKA's claim.  In No. 16-60024, the judgment of the BAP is affirmed.

**REVERSED AND REMANDED as to 15-56508.  AFFIRMED as to  16-60024.**